# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN BERRIOS, | CASE NO. 1:11-cv–01434-AWI-BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STAY UNTIL COMPLETION OF INTERDEPARTMENTAL APPEAL PROCESS |
| v. | |
| DR. DILEO, et al., | (ECF No. 3) |
| Defendants. | |

Plaintiff Marvin Berrios is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action and motion to stay on August 26, 2011. (ECF Nos. 1,3.) Plaintiff states that he has failed to exhaust administrative remedies and moves for the Court to accept his complaint and stay this action until the appeal process is complete. Plaintiff claims that he has submitted appeals which should be considered emergency appeals and prison officials are taking too long to process them.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,

1  2384 (2006))

2   Plaintiff's complaint will be screened in the order in which it was received.  To the extent
3  that Plaintiff is attempting to have the Court find that he does not have to exhaust his administrative
4  remedies prior to filing this action his request shall be denied.  If the complaint is screened and
5  cognizable claims are found, Defendants may bring a motion to dismiss for failure to exhaust.  Once
6  all parties have an opportunity to weigh in on the issue of exhaustion the Court will determine if
7  Plaintiff has exhausted his administrative remedies prior to filing this action.

8   Accordingly, Plaintiff's motion to stay this action until completion of the interdepartmental
9  appeal process, filed August 26, 2011, is HEREBY DENIED.

10   IT IS SO ORDERED.

11  **Dated:** **October 18, 2011**     /s/ **Barbara A. McAuliffe**
                  UNITED STATES MAGISTRATE JUDGE