# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN BERRIOS,<br><br>           Plaintiff,<br><br>    v.<br><br>DR. DILEO, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv–01434-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DIRECTING THE OFFICE OF THE CLERK TO SEND AN APPLICATION TO PROCEED IN FORMA PAUPERIS TO PLAINTIFF<br><br>(ECF No. 11)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 10)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Marvin Berrios is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 3, 2011, findings and recommendations issued recommending dismissing this action for Plaintiff's failure to submit an application to proceed in forma pauper on the correct form or pay the failing fee. On November 28, 2011, Plaintiff filed motion for a sixty day extension of time to file an opposition to the findings and recommendations. Plaintiff states that the forms were given to prison officials to be mailed to the court and he received notice that the court granted in forma pauperis status in <u>Berrios v. Bondoc</u>, 1:11-cv-01435-AWI-MJS. Plaintiff also requests that his actions be consolidated as they arise out of the same operative facts at two different prisons.

     While Plaintiff alleges that the incidents arise out of the same set of operative facts, a review of the complaints reveal otherwise. Both actions allege a denial of medical care, but the complaint

in <u>Berrios v. Bondoc</u> involves incidents that arose from a nerve implant while Plaintiff was housed at Corcoran State Prison. Plaintiff's claims arising out of his denial of treatment after he was transferred to Kern Valley State Prison are unrelated and are appropriately brought in a separate action. Additionally, Plaintiff states that he has failed to exhaust administrative remedies and, therefore, this action may be subject to dismissal pursuant to 42 U.S.C. § 1997e(a). Plaintiff's motion to consolidate this action and 1:11-cv-01435-AWI-JLT is denied.

Since Plaintiff alleges that he has mailed the appropriate form to the Court, the findings and recommendations issued November 3, 2011, is vacated. Accordingly, Plaintiff's motion for an extension of time is denied as moot. Plaintiff will be provided with another application to proceed in forma pauperis to submit within thirty days.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations filed November 3, 2011, is VACATED;
2. Plaintiff's motion to consolidate this action with 1:11-cv-01435-AWI-JLT is DENIED;
3. Plaintiff's motion for an extension of time to file an objection to the findings and recommendations is DENIED as moot;
4. The Office of the Clerk is directed to send an application to proceed in forma pauperis to Plaintiff;
5. Within thirty days from the date of service of this order, Plaintiff shall submit the completed application to proceed in forma pauperis indicating case no. 1:11-cv-01434-AWI-BAM, or pay the filing fee in full; and
6. Plaintiff's failure to comply with this order will result in the dismissal of this action, without prejudice, for failure to comply with an order of the Court.

IT IS SO ORDERED.

Dated:   **November 30, 2011**          /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE